Your Honor, in the first case of the afternoon, call 213-1261, Teresa Huyenga v. City of Rockford On behalf of the City, Mr. Ifean Mogbana On behalf of the Athlete, Mr. Charles Crow Mr. Mogbana You may proceed, sir Good afternoon, Your Honors, Counsel, and may it please this Court I am Ifean Mogbana, and I represent the City of Rockford This case is about whether an Illinois non-home rule municipality has the authority to impound a vehicle where its driver has been arrested for a misdemeanor offense I believe the answer is yes We ask that you reverse this circuit court for the following reasons First, the City of Rockford Ordinance authorizes impoundment for misdemeanor offenses And second, Illinois law does not support plaintiff's statutory interpretation Section 17-41 of the City of Rockford Ordinance, as the Administrative Hearing Officer rightly construed, authorizes impoundment for misdemeanor offenses Does it authorize impoundment or authorize a fee if there is an impoundment? Your Honor, a reasonable reading is that it implicitly authorizes an impoundment Because the state statute, that's 208.7 of the Vehicle Code, authorizes imposition of administrative fees And the General Assembly, during the debate, recognized that this is something that the municipalities already had power to do The exact words were that we're here to codify what's exactly going on That the municipalities already had power to do that So our reading is that there's implicit power in that section for the municipalities to impound Where is that authority derived from? The Rockford City Ordinance is derived from The actual authority to impound that you just said was implicit in the ordinance Where does that authority originate from? I believe that it originates from the municipalities that has the police power to do that However, more specifically and explicitly, the 11-302 of the Vehicle Code Which authorizes impoundment when there's an arrest for a misdemeanor I'm referring to 1302A.3 Did the hearing officer make that finding? Your Honor, the finding of the hearing officer was that the implicit authority on the 208.7 was sufficient Since 208.7, the General Assembly authorized the city to enact the ordinance And the city copied verbatim the applicable enabling state statute on the issue And we believe that the interpretation of the hearing officer is consistent with the Illinois Supreme Court principle That a non-homeroom unit enjoys powers that are excessively granted And also powers that necessarily imply to make the specific powers effective Did the hearing officer make any rulings relative to whether or not this vehicle was disabled and hampering traffic or obstructing traffic? There was no specific finding, but a reasonable interpretation is that that finding is not necessary Because the ordinance, as I said, was made pursuant to 208.7 Which, on the face of it, does not require that specific finding If the finding was made under 1302 and a separate section, say Section C.2 That may be possible, but here our reading is that it's not necessary to make that finding The legislation authorizes, that's 208.7 of the Vehicle Code Authorizes municipalities to establish by ordinance, as I rightly said, for a procedure In addition to imposing administrative fees And the title says that they have to provide for the procedure for the release of these impounded vehicles And the ordinance does that. It contains an entire statutory scheme from impoundment all the way to release, providing for hearing, and all that How does a non-homeroom unit have the power and authority to pass such legislation or ordinances? On its own, it doesn't, but from the enabling state act, 208.7 Which specifically says that municipalities are allowed to do that In fact, in the delegation of the General Assembly, the sponsor of the bill specifically mentioned that this is for the benefit of the non-homeroom units And this statute was passed to standardize the various impoundment practices across the state Because prior to 2012, when this particular statute was enacted, there were various practices, especially in the area of imposing administrative fees And it was the intention of the General Assembly to codify and bring uniformity to the area of law So what specifically did Judge Doherty determine? Did he determine that the ordinance passed by the city of Rockford did not authorize the city to impound vehicles? Correct. That's the decision And there was a motion to reconsider that was filed by the city, was there not? Correct And didn't he say something effective that comes too late? Your Honor, as part of a brief, our argument is that the judge erred when he entered that decision Because we believe that he misapplied, not only we believe, but case law says that he misapplied pre-existing law Law that was in effect in the state of Illinois at the time he made the decision Well, how could there have been prior law when there wasn't a prior ordinance passed by the city of Rockford that supposedly authorized the impoundments of cars? Your Honor, his decision was far-reaching that the city of Rockford did not have the authority to impound However, under 1302C, where we believe there's an explicit authority, that's 1302C of the Illinois Vehicle Code There's explicit power, authority under which police officers could impound a vehicle when a driver is arrested for misdemeanor offense You're referring to subsection 3? Subsection C3 Subsection C3 requires the offense to be one which the police officer is required to take the defendant, the person arrested, before a judge for, correct? Correct But police officers have discretion in that and they're not necessarily required to do that, correct? Your Honor, a reading of the statute that's written is that a person that's arrested, the Code of Criminal Procedure gives police officers the power to arrest or the power to issue a notice to appear They're not required to exercise their discretion in any particular way And a reasonable reading of the statute is that once the officer makes the arrest, the officer is entitled to impound the vehicle as a result, by virtue of the Vehicle Code Your Honor, if we reverse the trial court and find that the hearing officer was correct, that the ordinance allows the impoundment of vehicles What criteria is set forth in the ordinance that relates to what underlying facts need to be extant in order for an officer or agent of the city of Rockford impoundment of a vehicle? In order to, it has to be that the driver is arrested for a misdemeanor. Once the driver is arrested for a misdemeanor and the arrest is based on reasonable facts as it appears to the arresting officer What section of the ordinance contains that indication or statement? There is, it's not specific on the face of it, however, the section B-12, I believe, yes, B-12 of the ordinance states that operational use of a motor vehicle in the commission of or in the attempt to commit any misdemeanor We believe that is legal authority for impoundment when a driver is arrested for committing a misdemeanor offense. So that's in the Rockford ordinance? Correct. Thank you. In addition to that, the second part of the argument deals with the fact that Illinois law does not support plaintiff's statutory interpretation. Plaintiff interprets section 208.7, 308, sorry, 1302 to nullify 208.7. According to the plaintiff, the 208.7 is merely an administrative fee statute. And it does not recognize that the implicit power which the city has under the ordinance to proceed to impound. That interpretation is logical, leads to an absurd result. It will lead to the city having power to impose fees without having power to impound the same vehicles. And it cuts across the principle that statutory provisions cannot be read in isolation, but must be read in a way as to ensure that the general intent of the statute and the entire statutory scheme is brought into effect. And then also the Illinois Appellate Court also held in Hagaman and South Park Commissioners that a grant of power to a municipality should not be construed so as to destroy the purpose for which the grant is passed. The purpose here is that the municipality will be able to impound vehicles, should be authorized to impound vehicles, in addition to imposing administrative fees. And the interpretation of the plaintiff cuts against that. In addition to that, the plaintiff focuses part of his argument on 11-1302 and cites a completely different section. I believe that was 2C or so. And I hope I'm correct. And saying that that particular section applies such to nullify 208.7. And 208.7 specifically mentions the impoundment for vehicles using connection of misdemeanor offenses. And we urge that the court avoid interpreting one statute as to nullify another statute. The plaintiff also mentions that the police officer should have exercise discretion in favor of the driver of plaintiff's vehicle. And we do not believe that is how the Court of Criminal Procedure ought to be construed. The police officers have the discretion to actually look at the particular circumstance and either make an arrest or issue a notice to appear. And once they make the arrest based on the facts before them, then the impoundment is proper and should fall. So your position in impoundment after an arrest is proper regardless of where the vehicle is? Yes. Yes, Your Honor. Based on what? Based on 1302C.3. If the arrest is made for committing a misdemeanor offense while driving the vehicle, by that particular section, the city has excess power to impound the vehicle. And then finally, the plaintiff's interpretation costs against Illinois common law and statutory tradition as regarding arrests. The Illinois Supreme Court in People and Fitzpatrick states that the tradition in Illinois has been for the arrest, even for minor offenses, it's within the discretion of the police officer who's there at the scene, who observes all of the facts, who knows these things, to actually decide whether to arrest or to issue a notice to appear. And there is no interpretation of the statute that costs against that. Finally, the plaintiff's reference to this court's decision in People v. Brock offers no guidance to this court. First, the plaintiff concedes that that particular case is not on point. The case was decided in 84, and before 11-208.7 was enacted, it was decided under a completely separate statute. And then in that case, the court actually found that the impoundment was proper, incidental to the arrest of the driver in that vehicle. At this point, we respectfully request that this court reverse the circuit court. And thank you for listening to my opinions. Mr. Brock.  It's the plaintiff's position in this case that the vehicle's impounded pursuant to the provisions of Rockford City Ordinance 17-41, and that 17-41 does not provide the City of Rockford the authority to impound vehicles. That particular ordinance was adopted pursuant to the provisions of 11-208-7, which was the codification of Public Act 97-109. And 11-208.7 provides for the allowing municipalities, non-homing municipalities, the procedures for the release of impounding vehicles and the authority to impose administrative fees over and above the towing fees or storage fees that were imposed on a vehicle that had been properly impounded. And the phrase properly impounded is used twice in Section 11-208-7. And one instance where it provides for the offenses for which this administrative fee can be imposed. When the City of Rockford adopted its ordinance, it left out the phrase properly impounded and reiterated the sections of the criminal provisions for which a fee could be imposed, including the one that the City relies upon in this case, that being Section 12, the operational use of a motor vehicle in the commission of or an attempt to commit any misdemeanor or felony offense in violation of the Criminal Code of 1961, when so provided by local ordinance. There is no local ordinance in the City of Rockford that provides for the impoundment of a vehicle when a person is arrested for a misdemeanor or felony. The only ordinance that even comes close to that is Section 16-277, which was adopted by the City of Rockford with the authority of 11-1302 of the Motor Vehicle Code, which allows for, in that section, allows an officer to move a vehicle when that vehicle was under the control of or driven by an individual who was arrested for an offense which requires that officer to bring that individual before a judge. And it's our position that in this particular case, well, since there is no ordinance of the City of Rockford that provides for the impoundment of a vehicle when a person is arrested for a misdemeanor or a felony, then there was no authority to impound the vehicle in this particular case. If the City of Rockford is relying upon 11-1302, there's nothing in the record to indicate that that vehicle, when it was impounded, wasn't properly parked. And that was the reference to the Grosh case that I made in the brief, because in that particular case, the issue was whether or not the vehicle was properly impounded in order to determine whether or not the search of the vehicle, incident to the impoundment, was appropriate. And the court specifically stated that you can't properly park a vehicle on Interstate 55. You just can't do it. So taking the vehicle under the provisions of Section 11-1302 is proper. There's nothing in the record in this case to indicate that the vehicle wasn't properly impounded. So even if they were relying on 11-1302 or under the version of the City of Rockford Ordinance 16-277, there's nothing to indicate that the vehicle wasn't properly parked. Therefore, there was no reason for the officer to move it. And if moving it and impounding it are the same thing, then there's no authority here to do that. On that basis, we believe that the decision of Judge Dougherty was correct, and we ask the court to affirm that decision. Did Judge Dougherty say or intimate that cars cannot be impounded by the City of Rockford? His decision was that the Ordinance 17-41 did not give the City of Rockford the authority to impound vehicles. So he never said anything like the City of Rockford has the ability to impound a vehicle if it obstructs traffic or if it violates a state law that would allow an officer to impound a vehicle? No. My recollection is he did not say that. Did the hearing officer say anything like that? No. So would it be safe to say that all we're deciding is whether or not this ordinance, under which the City of Rockford is attempting to collect administrative fees of impoundment, is either authorized or isn't authorized by the ordinances of the City of Rockford? I think what we're asking the court is to affirm Judge Dougherty. I think Judge Dougherty said that this ordinance does not give the City of Rockford the authority to impound vehicles. It gives the authority to the City of Rockford to impose fees for properly impounded vehicles. Any other questions? Thank you, sir. Thank you. Mr. Mobana? I'm not sure how you pronounce his name. Mobana. Mobana? Yes. Does it mean something? Yes. Okay, you know what Giuseppe Verdi is in English? It's Joe Green. So what is Mobana? It's actually short for a longer name, which if Your Honor is interested, I can actually go into. Go ahead, sir. Thank you very much for giving me the opportunity to reply. First, it was mentioned that because the City of Rockford is a non-home rule municipality, it does not need an ordinance to impound if it's authorized by state law. And our argument is that we have the power under our ordinance and then also there's state law here that provides explicit authority. Plaintiff's counsel mentioned Rule 1302C, and we must point out that the sections 1, 2, and 3 are not cumulative. They are in the alternative. So when we cite 1302C.3, it provides a separate power in itself. And then finally, we submit that if this appeal, if the circuit court decision is upheld, this appellate court will effectively be nullifying the state statute. If there are no other questions. How would we be nullifying a state statute when the judgment that we would be affirming says nothing about a state statute but says something about a city ordinance? The city ordinance is copied verbatim from the state statute without adding anything. So, in effect, it is the state statute that the City of Rockford City Council just put in its books. Okay. Any other questions? No. Thank you. Thank you, Your Honor. The case should be taken under advisement. The court is adjourned.